David C. SPICER, Petitioner–Appellant,

v.

Christine GREGOIRE; Tana Wood, Superintendent, Respondents–Appellees.

No. 98–35884.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 9, 1999.

Memorandum Filed Sept. 8, 1999.

Order Filed Oct. 19, 1999.

Thomas M. Kummerow, Michael Mittlestat, Seattle, Washington, for the petitioner-appellant.

Thomas J. Young, Daniel Judge, Assistant Attorney General, Olympia, Washington, for the respondents-appellees.

Before: LAY,[1] GOODWIN and MCKEOWN, Circuit Judges.

## ORDER

GOODWIN, Circuit Judge:

Appellant's request for publication is GRANTED. The memorandum disposition filed September 8, 1999, is redesignated as an authored opinion by Judge Goodwin.

## OPINION

David C. Spicer appeals from the district court's denial of his petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging his conviction for second-degree rape. Spicer contends that the state trial court's jury instruction, which shifted to the defense the burden of proving consent in a rape case, violated his right to due process under the Fifth and Fourteenth Amendments. We affirm.

1. The Honorable Donald P. Lay, Senior United States Circuit Judge for the Eighth Circuit,

## I.

Spicer was convicted of second-degree rape for threatening, binding, and raping S.M. on the morning of November 19, 1984. Evidence of the crime included bruising on S.M.'s upper arm and reddening of her wrists, a roll and used pieces of duct tape found in the bedroom (along with black residue on S.M.'s wrists), and semen in S.M.'s rectum. S.M.'s neighbor also testified that soon after the rape had occurred, S.M. ran to her house, told her of the incident, and appeared to be in a distraught emotional state.

Spicer filed a direct appeal in the Washington court of appeals, which affirmed the conviction citing the Washington Supreme Court's decision *State v. Camara*, 113 Wash.2d 631, 781 P.2d 483 (1989) (en banc). Spicer then filed a motion to the Washington Supreme Court for discretionary review, which was denied.

On November 24, 1997, Spicer filed his federal petition for a writ of habeas corpus. In his habeas petition, Spicer raised a single issue: whether the jury instruction that placed on him the burden of proving consent violated due process. The matter was referred to a magistrate judge, who wrote a Report and Recommendation to deny the petition. The report concluded that the state court's rejection of Spicer's claims was not contrary to clearly established federal law, and even if it were, such an error was harmless. In due course, the district court denied the petition and granted Spicer's certificate of appealability.

## II.

■ The standard for determining whether habeas relief should be granted in a § 2254 petition is whether the alleged errors " 'had substantial and injurious effect or influence in determining the jury's verdict.' " *Brecht v. Abrahamson*, 507

sitting by designation.

U.S. 619, 637, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993) (quoting *Kotteakos v. United States,* 328 U.S. 750, 776, 66 S.Ct. 1239, 90 L.Ed. 1557 (1946)). Trial errors that do not meet this test are deemed harmless. *Eslaminia v. White,* 136 F.3d 1234, 1237 (9th Cir.1998).

### III.

Spicer contends that the jury instruction placing on the defense the burden of proving consent[2] in a rape case violated federal due process. *See Martin v. Ohio,* 480 U.S. 228, 237, 107 S.Ct. 1098, 94 L.Ed.2d 267 (1987) (requiring State to prove beyond reasonable doubt all facts necessary to constitute crime charged). Spicer asserts that by requiring him to show consent, the court impermissibly shifted a burden of proof that should have remained with the prosecution. *Patterson v. New York,* 432 U.S. 197, 206–07, 97 S.Ct. 2319, 53 L.Ed.2d 281 (1979) (holding that while State may allocate to defendant burden of proof of affirmative defense, such as extreme emotional disturbance in murder prosecution, it cannot require defendant to prove defense which negates element of crime); *see Martin,* 480 U.S. at 233, 107 S.Ct. 1098. In second-degree rape cases,[3] the prosecution has the burden of proving "forcible compulsion"[4] beyond a reasonable doubt. Because consent appears to negate the element of "forcible compulsion" rather than provide an excuse (i.e., affirmative defense) for admitted illegal conduct, the State's requirement-that Spicer demonstrate that consent did in fact exist-seems to violate his constitutional right to due process.

The State, on the other hand, argues that the Washington legislature and courts have replaced nonconsent with "forcible compulsion" as the relevant element required for a rape conviction, so requiring Spicer to prove consent does not impinge on his due process rights. *See Camara,* 781 P.2d at 487 (holding that Washington legislature had removed nonconsent as element required for rape conviction, and, in light of *Martin,* State could shift burden of proving consent to defendant as affirmative defense).[5] Because nonconsent and "forcible compulsion," the State asserts, are overlapping, but not exact counterparts, the court may require the defendant to prove consent as an affirmative defense but leave the responsibility of proving "forcible compulsion" to the State.

■ We need not reach the constitutionality of the jury instruction, however, because even assuming that it was constitutionally defective, the error would be harmless, for it did not have a "substantial and injurious effect or influence in determining the jury's verdict." *Brecht,* 507 U.S. at 637, 113 S.Ct. 1710; *see also Neder v. United States,* —— U.S. ——, 119 S.Ct. 1827, 1833–36, 144 L.Ed.2d 35 (1999) (holding that giving jury instruction that omits element of offense is not structural error

---

**2.** The State of Washington defines consent to mean "that at the time of the act of sexual intercourse there are actual words or conduct indicating freely given agreement to have sexual intercourse." RCW 9A.44.010(6).

**3.** An assailant commits second-degree rape when he engages in "sexual intercourse with another person: (a) [b]y forcible compulsion." RCW 9A.44.050.

**4.** Forcible compulsion, an element required to establish second-degree rape, is defined as "physical force which overcomes resistance, or a threat, express or implied, that places a person in fear of death or physical injury to herself ..., or in fear that she ... will be kidnapped." RCW 9A.44.010(5).

**5.** We note that the Washington legislature still defines the lowest level offense of rape (i.e., rape in the third degree) as "sexual intercourse with another person, not married to the perpetrator, (a) where the victim *did not consent* ... to sexual intercourse and such *lack of consent* was clearly expressed by the victim's words or conduct." RCW 9A.44.060 (emphasis added). Third-degree rape is a class C felony, whereas second-degree rape, in 1984, was a class B felony.

and may be subject to harmless error review). The trial court still instructed the jury to find, beyond a reasonable doubt, that the sexual intercourse had occurred by "forcible compulsion." Further, as the district court noted, Spicer's conviction rested solely on the jury's assessment of who was more credible, Spicer or S.M.; and extensive evidence, such as bruising on S.M.'s arm and wrists, duct tape found in S.M.'s bedroom, residue on S.M.'s wrists, and witnesses' testimony of S.M.'s emotional state after the rape, corroborated S.M.'s story. Thus, although the trial court did not instruct the jury that it was the prosecution's burden to prove nonconsent beyond a reasonable doubt, we do not believe that the jury would have come to a different verdict even if the court had given a proper instruction.

We affirm the district court's denial of habeas relief, on the grounds that even if the state trial court had given the jury a constitutionally defective instruction, that error was harmless.

**AFFIRMED.**

McKEOWN, Circuit Judge, concurring:

Although I concur in the result reached by the majority, I am not entirely convinced that *Neder v. United States,* —— U.S. ——, 119 S.Ct. 1827, 144 L.Ed.2d 35 (1999), answers the question here, *i.e.,* whether harmless error review applies to a claim that the jury instructions inappropriately shifted the burden to the defendant to disprove an element of the offense. I do not believe, however, that this case requires further analysis of the review standard because the denial of Spicer's habeas petition can be affirmed on the ground that the state court decisions at issue are not "contrary to" or "an unreasonable application of" "clearly established Federal law." 28 U.S.C. § 2254(d)(1). Although "forcible compulsion" and "consent" have some conceptual overlap, lack

of consent is not an element of second degree rape, and requiring the defendant to prove consent in this context does not run afoul of due process. *See Martin v. Ohio,* 480 U.S. 228, 234, 107 S.Ct. 1098, 94 L.Ed.2d 267 (1987); *Patterson v. New York,* 432 U.S. 197, 97 S.Ct. 2319, 53 L.Ed.2d 281 (1977); *Leland v. Oregon,* 343 U.S. 790, 794, 72 S.Ct. 1002, 96 L.Ed. 1302 (1952); *State v. Camara,* 113 Wash.2d 631, 781 P.2d 483 (1989).